**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

Sam Glasscock III
VICE CHANCELLOR

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947
AND
NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19980-3734

Date Submitted: November 8, 2021
Date Decided: November 18, 2021

Richard A. Forsten, Esquire
Saul Ewing LLP
1201 Market Street, Suite 2300
Wilmington, DE 19801

Max Walton, Esquire
Connolly Gallagher LLP
1201 N. Market Street, 20th Floor
Wilmington, DE 19801

RE: Ocean Bay Mart, Inc. v. The City of Rehoboth Beach, Delaware
C.A. No. 2019-0467-SG

Dear Counsel:

Following post-trial briefing in this matter, I issued a Memorandum Opinion on October 13, 2021, concluding that the Plaintiff, Ocean Bay Mart, Inc., had not secured vested rights (the "Opinion").[1] The Plaintiff submitted a Motion for Reargument on October 20, 2021 (the "Motion"),[2] which was opposed by the City of Rehoboth Beach on October 27, 2021.[3] Reply briefing was filed November 5, 2021.[4] For the reasons stated below, the Motion is denied.

---

[1] *See generally Ocean Bay Mart v. City of Rehoboth Beach*, 2021 WL 4771246 (Del. Ch. Oct. 13, 2021).

[2] *See* Ocean Bay Mart, Inc.'s Mot. Reargument, Dkt. No. 77 [hereinafter "Mot."].

[3] *See* City of Rehoboth Beach's Br. Opp'n Pl.'s Mot. Reargument, Dkt. No. 79.

[4] *See* Reply Pl. Ocean Bay Mart, Inc. supp. Mot. Re-argument, Dkt. No. 83 [hereinafter "Reply Br."].

A motion for reargument should be granted where the court "has misapplied the law or misapprehended a fact in such a manner that affects the outcome of the case."[5] "Where the motion merely rehashes arguments already made by the parties and considered by the Court when reaching the decision from which reargument is sought, the motion must be denied."[6]

The applicable law in determining whether a plaintiff has secured vested rights is a balancing test which necessarily lends itself to fact-finding at the post-trial stage. The Plaintiff's Motion advances four bases that purportedly call for reargument, principally suggesting that I either misapprehended or failed to fully consider certain facts.[7] Other points of concern for the Plaintiff are pure disagreement about the characterization of the record or the weight applied in balancing facts.[8]

---

[5] *Silver Lake v. Urquhart*, 1998 WL 157370, at *1 (Del. Ch. Mar. 20, 1998).

[6] *Wong v. USES Holding Corp.*, 2016 WL 1436594, at *1 (Del. Ch. Apr. 5, 2016) (citing *Lewis v. Aronson,* 1985 WL 21141, at *2 (Del. Ch. June 7, 1985)).

[7] For instance, the Plaintiff suggests that I overlooked the prior approval of similar condominium projects. *See* Reply Br. at 7. I addressed this in the Opinion. *See Ocean Bay Mart*, 2021 WL 4771246, at *9. The Plaintiff also indicates that the Opinion misunderstood that the "Newcomb/Sullivan conversation specifically addressed the Table [of Regulations] with respect to the main/subordinate building issue." *See* Reply Br. at 7. The Newcomb/Sullivan conversation is discussed in detail in the Opinion, ultimately finding that while the email was of *some* reliance value to the Plaintiff, it was not sufficient to justify a finding of reasonable reliance. *See Ocean Bay Mart,* 2021 WL 4771246, at *10. Whether the conversation specifically addressed the Table of Regulations does not alter this finding.

[8] See, for example, the argument that "[t]here was nothing 'obscure' or 'opaque' about the meeting between Ms. Newcomb and Ms. Sullivan." *See* Mot. at 3.

The Plaintiff has not advanced new arguments or pointed to facts that would change my overall conclusion but has merely rehashed old arguments previously presented in its papers and at trial. Its position is that I decided these facts wrongly in the Opinion. If so, the remedy is via appeal.

For the forgoing reasons, the Motion is DENIED.

Sincerely,

/s/ Sam Glasscock III
Vice Chancellor

cc: All counsel of record (by *File & ServeXpress*)